The Honorable Jeff D. Wood State Representative 4097 Austin Lakes Circle Jonesboro, AR 72401-2912
Dear Representative Thyer:
I am writing in response to your request for my opinion on the following two questions:
 1. Under Ark. Code Ann. § 18-16-110, would a landlord be responsible to a tenant for any injury or damage resulting from the landlord's failure to fix an untreated sewer discharge problem if the problem was not disclosed to the tenant at the time a lease or rental agreement was signed?
 2. Under Ark. Code Ann. § 18-16-110, what right does a tenant have to safe and sanitary living conditions without it specifically having to be stated in a lease or rental agreement?
RESPONSE
 Question 1: Under Ark. Code Ann. § 18-16-110, would a landlordbe responsible to a tenant for any injury or damage resultingfrom the landlord's failure to fix an untreated sewer dischargeproblem if the problem was not disclosed to the tenant at thetime a lease or rental agreement was signed?
In my opinion, as a general proposition, under the circumstances described in your request, A.C.A. § 18-16-110
(Supp. 2005) would insulate a landlord from liability so long as he had not expressly or by conduct agreed to maintain the premises and then failed to honor that agreement in a reasonable fashion.
Section 18-16-110 of the Arkansas Code (Supp. 2005) provides:
 No landlord or agent or employee of a landlord shall be liable to a tenant or a tenant's licensee or invitee for death, personal injury, or property damage proximately caused by any defect or disrepair on the premises absent the landlord's:
 (1) Agreement supported by consideration or assumption by conduct of a duty to undertake an obligation to maintain or repair the leased premises; and
 (2) Failure to perform the agreement or assumed duty in a reasonable manner.
This statute was enacted pursuant to Acts 2005, No. 928. Section 1 of Act 928 offered the following explanation of what prompted the legislation:
 (a) The General Assembly finds that the Arkansas Supreme Court has requested its guidance regarding the law pertaining to a landlord's liability to tenants and tenants' licensees and invitees for death, injuries, or property damage suffered on the leased premises that are proximately caused by defects or disrepair on the premises.
 (b) As the Supreme Court recognized in Thomas v. Stewart, 347 Ark. 33, 60 S.W.3d 415 (2001) and Probst v. McNeill, 326 Ark. 623, 932 S.W.2d 766
(1996), for more than a century, Arkansas law has adhered to the common law principle under which a landlord has no liability to a tenant or tenant's guests absent the landlord's:
 (1) Agreement supported by consideration or assumption by conduct of a duty to undertake repair and maintenance; and
 (2) Failure to perform the agreement or assumed duty in a reasonable manner.
 (c)(1) The General Assembly further finds that the Supreme Court has properly and correctly interpreted and applied the law and that existing law should not be altered or extended.
 (2) The purpose and intent of Section 2 of this act is to codify this rule of law as it exists under Arkansas common law.
In my opinion, A.C.A. § 18-16-110 is unambiguous in providing that a landlord will incur no liability for damages resulting from a condition of disrepair in leased property unless the landlord by express agreement or conduct has committed to maintain the premises in good repair.
Question 2: Under Ark. Code Ann. § 18-16-110, what right doesa tenant have to safe and sanitary living conditions without itspecifically having to be stated in a lease or rental agreement?
Again, pursuant to the terms of the statute, unless the landlord by express agreement or by conduct has committed to provide what you term "safe and sanitary living conditions," he has no obligation to provide such conditions.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh